IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE OTTO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No: 1:05-cv-2319 (GK) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS & AUTHORITIES IN**
**SUPPORT OF UNITED STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 2000, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

STATEMENT & DISCUSSION

1. <u>Introduction & background</u>.  Plaintiffs, Laurence and Carol Otto, filed this complaint on December 1, 2005.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 2000", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶7.)1/ On January 3, 2006, 2005, plaintiff Laurence Otto filed returns of service showing that plaintiff himself served the United States Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER ## 2 & 3.)

---

1/  Plaintiffs' case is one of 56 known cases filed in this Court with identical or nearly identical complaints

2.  <u>The complaint should be dismissed because service of process was deficient</u>. This case must be dismissed because plaintiffs have not effected proper service on the United States.

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(I), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Laurence Otto signed the returns of service indicating that he, himself, served the summons on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. Laurence Otto is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiffs have failed to properly serve the United States, and their complaint must be dismissed.2/

## CONCLUSION

Because plaintiffs have failed to properly serve the United States, their complaint should be dismissed.

DATE: February 23, 2006.

Respectfully submitted,

/s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

---

2/ On February 16, 2006, this Court issued to plaintiffs an order to show cause why the complaint should not be dismissed on account of their failure to prosecute this action. In the order, the Court noted that the United States had until February 13, 2006, to respond to the complaint. The United States did not respond to the complaint because service had not been effected under rule 4.

                        Telephone:  (202) 307-6438

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on the 24th day of February, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> LAURENCE OTTO
> CAROL OTTO
> Plaintiffs *pro se*
> 60426 County Road 12
> Warroad, MN  56763.


      /s/ Michael J. Salem
      MICHAEL J. SALEM

1560477.11