# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Laurence Otto,
Carol Otto

                Plaintiff(s),

v.

United States

                Defendant.

Case No. **1:05cv02319 (GK)**

PLAINTIFFS' RESPONSE TO
DEFENDANTS' UNTIMELY MOTION
TO DISMISS PURSUANT TO
ORDER OF COURT DOCKET#9

      Plaintiffs respond to defendants' Motion to Dismiss pursuant to order of the Court

Docket #9 and request the Court to strike all pleadings and orders filed after February 13,

2006 as untimely and enter default in favor of plaintiffs. In support thereof plaintiffs show

the Court as follows:

1.     Plaintiffs request that default be entered forthwith against defendant.

2.     The record shows that plaintiffs filed a complaint in the instant matter on December

       12, 2005; (Docket #1)

3.     The record shows that plaintiffs served the United States Attorney the summons

       and complaint on December 20, 2005; (Docket #2)

4.     The record shows that the defendants' answer was due on February 13, 2006;

       (Docket #2)

5.     The record is silent as to defendant requesting an extension of time to answer.

6.     The record shows that defendant did not answer the aforementioned complaint nor



RECEIVED

MAR 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

did defendant defend in this matter whatsoever by February 13, 2006.

7.    The record shows that the defendant filed an untimely motion to dismiss on February 23, 2006. (Docket #6, 7)

8.    The record shows an order setting an initial Scheduling Conference for March 27, 2006.  (Docket #8)

9.    The record shows an order for plaintiffs to respond to defendants motion to dismiss no later that March 25, 2006. (Docket #9)

11.    All Docket entries are dated after February 13, 2006.

12.    Plaintiffs sent to the clerk a motion for default (See attachment 1).

13.    Said Motion for Default is file stamped twice in red ink.  Once on the front of page 1 of 4 and on the back of page 4.  Both are crossed out and the motion was returned to plaintiffs unfiled.

14.    Plaintiff called the clerk for an expiation and the clerk admitted that she had made a mistake and instructed plaintiffs to return the motion for filing.

15.    Plaintiffs now returns the aforementioned motion for default.

## IMPROPER SERVICE

1.    Defendant's motion insults the intelligence of the plaintiff(s) and the court.

2.    Defendant sets forth as a motion to dismiss that defendant has been improperly served pursuant to Rule 4(c)(2) alleging that the complaint and summons were served by plaintiff(s).

3.    Defendant's attorney is trained and knows the rules and which rules apply to what.

4.    Defendant's attorney knows that Rule 4(c)(2) applies to personal service only.

5.    Defendant's attorney knows that Rule 4(i)(1)(b) applies to service on the United States as defendants' attorney points out in defendants' motion.

6.    Defendant's attorney knows that Rule 4(i)(1)(b) is silent as to who may sign the return of service.

7.    Defendant is in default and has interposed its motion for the sole purpose of delaying this litigation and for increasing the cost and expense of this litigation.

8.    The record shows that defendant was properly served in accordance with Civ P. Rule 4(i)(1)(b).

9.    The record shows that defendant has not timely answered the complaint.

10.    Council's belated attempt to avoid subject matter and personal jurisdiction by misrepresenting that service was improper is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

As to service, plaintiff(s) request the court to clarify which rule of service applies or in the alternative plaintiff(s) move the court to strike/deny defendant's motion to dismiss and enter default in favor of the plaintiff forthwith.

As to pleadings filed after February 13, 2006, inasmuch as the record in this matter is clear as to defendants failure to timely defend in this matter plaintiffs request the Court

to strike all pleadings filed after February 13, 2006 as untimely and grant entry of default

forthwith against defendant as a matter of law.

Dated March _21_, 2006

_Laurence Otto_
Laurence Otto
60426 County Road
Warroad MN 56763
218-386-2299

_Carol Otto_
Carol Otto
60426 County Road
Warroad MN 56763
218-386-2299

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Laurence Otto,
Carol Otto

          Plaintiff(s),

v.

United States

          Defendant.

Case No . **1:05cv02319 (GK)**

## DEFAULT

It appearing that the above-named defendants(s) failed to plead or otherwise defend this action though duly served with summons and a copy of the complaint on December 01, 2005, and an affidavit on behalf of the plaintiff having been filed, it is this ___ day of _____, declared that the defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By:_____
                  Deputy Clerk

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing request for default and order on defendant's attorney at his/her address of record.

Dated _March    21_____, 2006


_Laurence Otto_____
Laurence Otto
60426 County Road
Warroad MN 56763

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Laurence Otto,
Carol Otto

Case No. **1:05cv02319 (GK)**

          Plaintiff(s),

REQUEST FOR ENTRY OF DEFAULT

v.

United States

          Defendant.

1.     Plaintiffs request that default be entered forthwith against defendant.

2.     The record shows that plaintiffs filed a complaint in the instant matter on December 12, 2005;

3.     The record shows that plaintiffs served the United States Attorney the summons and complaint on December 20, 2005;

4.     The record shows that the defendants' answer was due on February 13, 2006;

5.     The record is silent as to defendant requesting an extension of time to answer.

6.     The record shows that defendant has not answered the aforementioned complaint nor has defendant defended in this matter whatsoever.

Wherefore, inasmuch as the record in this matter is clear as to defendants failure to defend in this matter plaintiffs are entitled to entry of default forthwith against defendant as a matter of law.

Dated February *18*, 2006

Laurence Otto v. United States.         page 1 of 4 pages         Motion for Default



RECEIVED

FEB 21 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Laurence Otto
60426 County Road *12*
Warroad MN 56763
218-386-2299

Carol Otto
60426 County Road *12*
Warroad MN 56763
218-386-2299

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Laurence Otto,
Carol Otto                                          Case No . **1:05cv02319 (GK)**
                Plaintiff(s),
                          ORDER

v.

United States
               Defendant.

Having considered the Motion for entry of Default filed by the plaintiffs and the entire record

of these proceedings, it is clear to the court that plaintiffs are entitled to entry of default as

a matter of law, it is by the Court

     ORDERED that the motion is Granted and it is further

     ORDERED that the clerk shall distribute copies of this order to all parties to this

action.

     SO ORDERED this _____ day of _____ 2006

                                 _____
                                 United States District Judge

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing request for default and order on defendant's attorney at his address of record.

Dated _February 18_____, 2006

Laurence Otto
60426 County Road /2
Warroad MN 56763
218-386-2299

Laurence Otto v. United States.                    page 4 of 4 pages                    Motion for Default



RECEIVED

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RECEIVED**

MAR 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT