IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE OTTO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 1:05-cv-2319 (GK) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO PLAINTIFFS'
OPPOSITION TO U.S. MOTION TO DISMISS**

This is an action in which plaintiffs seek a refund of all federal taxes paid in since their 2000 tax year, along with unspecified damages for alleged wrongful tax collection by the United States, and injunctive and declaratory relief prohibiting any efforts by the United States to collect plaintiffs' unpaid federal taxes.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On February 24, 2006, the United States filed a fully supported motion to dismiss the complaint, due to insufficiency of service of process and a resulting lack of jurisdiction over the person of the United States.  Plaintiffs have opposed the motion to dismiss on several grounds.  This reply brief addresses only that point raised in plaintiffs' opposition that warrants a response.  With respect to those points not discussed herein, defendant United States relies upon its memorandum in support of the motion to dismiss.

2. <u>Rule 4(c)(2)'s service eligibility requirements apply to service of initial process upon the United States.</u>  The sole ground for dismissal presented in the motion to

dismiss is premised upon the fact that plaintiff Laurence Otto, one of two plaintiffs in this action, attempted to serve the summons and complaint upon the United States. Under Fed. R. Civ. P. 4(c)(2), "[s]ervice may be effected by *any person who is not a party and who is at least 18 years of age.*" (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

Plaintiffs do not contest the fact that plaintiff Laurence Otto attempted to serve initial process in this case. Rather, they argue that service on the United States under rule 4(i) is not subject to this restriction. Plaintiffs are simply wrong. Rule 4(i) does not, by its terms or otherwise, except the service procedures applicable to service of process on the United States from the restrictions of rule 4(c)(2). "[W]hile Rule 4(i)(1) describes *how* service can be effectuated against the United States, it does not change *who* can effectuate service as defined by Rule 4(c)(2)." *Perkel v. United States*, *supra* (emphasis in original); *accord*, *Hanberg v. FBI*, *supra* (applying same principle to federal agency).

Plaintiffs have failed to properly serve the United States in this action, because plaintiff Laurence Otto improperly acted as the service agent. Accordingly, service of

process was insufficient and the Court lacks jurisdiction over the person of the United States. The complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(2) & (5).*/

## CONCLUSION

It is the position of the United States that the motion to dismiss should be granted.

DATE: March 24, 2006.

>Respectfully submitted,
>
> /s/ Michael J. Salem
> MICHAEL J. SALEM
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, DC  20044
> Telephone:  (202) 307-6438

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

*/Moreover, since filing the motion, the United States has been able to retrieve some of plaintiffs' tax records. Were the Court to deny the instant motion, the United States will assert a lack of subject matter jurisdiction because:  1) plaintiffs have not filed a proper administrative claim for refund of federal taxes; 2) plaintiff Laurence Otto owes in excess of $144,000 in unpaid federal taxes for 2001, 2002, and 2003; 3) plaintiffs have not filed a proper administrative claim for "wrongful collection" damages; 4) injunctive relief is barred by statute; and 5) declaratory relief is barred by statute.

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO U.S. MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on the 24th day of March, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LAURENCE OTTO
>CAROL OTTO
>Plaintiffs *pro se*
>60426 County Road 12
>Warroad, MN  56763.


>/s/ Michael J. Salem
>MICHAEL J. SALEM

1614192.11