IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE OTTO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No: 1:05-cv-2319 (GK) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

This is an action in which plaintiffs seek a refund of all federal taxes paid in since their 2000 tax year, along with unspecified damages for alleged wrongful tax collection by the United States, and injunctive and declaratory relief prohibiting any efforts by the United States to collect plaintiffs' unpaid federal taxes

QUESTIONS PRESENTED

Plaintiffs failed to properly serve the United States. Can the Court enter default against a party that has not be properly served with the summons and a copy of the complaint?

Defendant is the United States. A default judgment cannot be entered against the United States unless the plaintiff can establish by satisfactory evidence that the plaintiff is entitled to the relief sought in the complaint. In this case, plaintiffs will be unable to establish the Court's subject matter jurisdiction over the complaint. Should the Court indulge plaintiffs' request for entry of default when such an act would be

futile due to a lack of subject matter jurisdiction to grant the relief sought in the complaint?

## STATEMENT

1. <u>Introduction.</u>  On February 24, 2006, the United States filed a fully supported motion to dismiss the complaint, due to insufficiency of service of process and a resulting lack of jurisdiction over the person of the United States.  Plaintiffs opposed the motion to dismiss on several grounds.  As a part of their opposition, plaintiffs have also included a request for entry of default.  (Pltfs.' Req. for Entry of Default.)  The United States now files this separate opposition to plaintiffs' request for entry of default.

2. <u>Plaintiffs' grounds for their request for entry of default.</u>  According to plaintiffs, they served the United States Attorney with a summons and a copy of the complaint on December 20, 2005.  (Pltfs.' Req. for Entry of Def. ¶ 3.)  Plaintiffs assert, based on this alleged date of service of process, that the United States was required to respond to their complaint no later than February 13.  (*Id*. ¶ 4.)  Plaintiffs further assert that the United States has not answered, nor has the United States "defended in this matter whatsoever." (*Id*. ¶ 6.)  On these grounds, plaintiffs request entry of default against the United States.  (*Id*. at 1.)

3. <u>Plaintiffs' actual method of service of process.</u>  As explained in the United States' memorandum supporting its motion to dismiss [PACER # 10.1], plaintiff Laurence Otto filed returns of service showing that plaintiff himself served the United States Attorney General and the United States Attorney for the District of Columbia by certified mail (*see* Returns of Service [PACER ## 2 & 3]).

ARGUMENT

I

ENTRY OF DEFAULT WOULD BE IMPROPER BECAUSE
PLAINTIFFS' ATTEMPTED SERVICE WAS INSUFFICIENT

As explained in connection with the United States' motion to dismiss, plaintiffs' attempted service of initial process was insufficient. Plaintiff Laurence Otto, one of two plaintiffs in this action, attempted to serve the summons and complaint upon the United States. Under Fed. R. Civ. P. 4(c)(2), "[s]ervice may be effected by *any person who is not a party* and who is at least 18 years of age." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

Because plaintiffs' attempted service was insufficient, the Court has not acquired personal jurisdiction over the United States. Lacking personal jurisdiction, the Court cannot compel the United States to respond to the complaint or render a judgment against the United States. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).

In sum, because the Court has yet to acquire personal jurisdiction over the United States through proper service of initial process, no default can be answered.

II

ENTRY OF DEFAULT WOULD BE FUTILE IN
ANY EVENT, BECAUSE THE PLAINTIFFS CANNOT
ESTABLISH THEIR ENTITLEMENT TO RELIEF, AND
THEREFORE CANNOT OBTAIN A DEFAULT JUDGMENT

A. *The Distinction Between Entry of Default and Issuance of a Default Judgment*

The distinction between entry of default and the issuance of a default judgment is important in all cases, but critical in a case involving the United States as defendant. Fed. R. Civ. P. 55(a) provides that the clerk shall enter a party's default when the facts supporting such an entry are made to appear by affidavit. *Riehm v. Park (In re Park)*, 272 B.R. 323, 329 (Bankr. D.N.J. 2001). Entry of a default is the first step in the process of obtaining a default judgment. *Shepard Claims Service, Inc., v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986); *Systems Industries, Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985); *Riehm v. Park, supra*. The default process involves two steps—the entry of default and the subsequent entry of a judgment of default based upon the default. Entry of a default is a necessary prerequisite for a default judgment. *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *Brooks v. United States*, 29 F.Supp.2d 613, 618 (N.D. Cal. 1998); *Dahl v. Kanawha Investment Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995); *Tarbell v. Jacobs*, 856 F.Supp. 101, 104 (N.D.N.Y. 1994); *Grant v. City of New York*, 145 F.R.D. 325, 327 (S.D.N.Y. 1992); *System Industries, Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985); 10

Coquillette, Joseph, Schreiber, Solovy & Vairo, *Moore's Federal Practice*, § 55.10[1], p. 55-1 (1997); 10A Miller, Wright, & Kane, *Federal Practice & Procedure*, § 2682, p. 13 (1998).

Moreover, a default must *actually* be entered against the non-appearing party. *Riehm v. Park*, 272 B.R. at 329 ("First, default must actually be entered against the non-appearing party.").

"Second, *after entry of default*, the plaintiff must request the entry of a default judgment. Although application for the entry of a default and default judgment are often submitted simultaneously to a court, the two procedural steps are analytically independent * * *." *Ibid*. (emphasis added).

In the case at hand, plaintiffs have requested entry of default. As explained in part I, above, entry of default would be premature here, because plaintiffs have failed to properly served the summons and complaint on the United States. But even if they had, entry of default against the United States in this case would be futile, since the plaintiffs will not be able to successfully complete the second step in the default process. Plaintiffs will be unable to demonstrate their entitlement to the relief they request, and therefore, the Court would not in any event be empowered to issue a default judgment against the United States.

    B.   *Plaintiffs Must Be Able to Demonstrate Their Entitlement to Relief on the Allegations of the Complaint*

Fed. R. Civ. P. 55(e) provides that no default judgment shall be entered against the United States or an officer or agency thereof unless the claimant establishes his or her claim or right to relief by evidence satisfactory to the court. While Rule 55(e) does

not prohibit a default judgment against the United States, the rule does require that the claimant establish his or her claim "by evidence satisfactory to the Court" before any judgment may be entered upon that default against the United States. *See Poe v. Matthews*, 572 F.2d 136, 137-138 (6th Cir. 1978) (default judgment reversed where "district court had no evidence before it when it" entered default judgment); *Williams v. General Services Administration*, 582 F.Supp. 442, 443 (E.D. Pa. 1984); *Gadoury v. United States*, 187 B.R. 816, 822 (Bankr. D.R.I. 1995) (citing *Alameda v. Secretary of Health, Education & Welfare*, 622 F.2d 1044, 1047 (1st Cir. 1980)). Accordingly, a claimant may not receive the relief sought without providing evidence that satisfies the Court that the claimant is entitled to the relief. *Senyo v. Internal Revenue Service (In re Senyo)*, 82 B.R. 401, 402 (Bankr. W.D. Pa. 1988).

The rationale behind Rule 55(e) is that the "taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant." *Alameda* at 622 F.2d at 1047. In addition, the rule is intended to prevent default judgment against the United States for procedural flaws. *See Carroll v. Secretary of Health, Educ. & Welfare*, 470 F.2d 252, 256 (5th Cir. 1972). The entry of default is a "drastic remedy" and "should be resorted to only in very extreme circumstances". *See Turner v. Reich*, 1994 WL 709361, 1 (E.D. Pa. 1994) (citing *Greenbaum v. United States*, 360 F.Supp. 784, 789 (E.D. Pa. 1973)). A court may not enter a default judgment against the Government *merely for failure to file a timely response." Id.* (emphasis added).

In the present case, Rule 55(e) prohibits entry of a default judgment against the United States unless plaintiffs can establish their right to relief by satisfactory evidence. Plaintiffs will not be able to do so because they will not be able to establish the Court's subject matter jurisdiction over the claims set forth in their complaint.

> C.  *Plaintiffs Will Not Be Able to Demonstrate Their Entitlement to Relief on the Allegations of the Complaint Because the Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims*
>
>> 1.  This Court Lacks Subject-Matter Jurisdiction over Plaintiffs' Refund Claims

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. (*See* Compl. ¶ 20.) Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes for which they seek a refund. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected *** until a claim for refund or credit has been duly filed ***." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a claim for refund, this Court lacks jurisdiction over their tax refund claims. *Dalm*, 494 U.S. at 601-02.

Likewise, plaintiffs have not alleged that they fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (*See* Compl. ¶21.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover—an implication fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully paid their federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claims for a refund of federal taxes.1/

        2.    Plaintiffs' Request for Injunctive Relief Is
             Barred by the Anti-Injunction Act

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 21.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiffs' claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one,

---

1/Plaintiffs have also selected an improper venue for a refund suit. Plaintiffs reside in Minnesota. (Compl. ¶ 1.) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which the plaintiffs reside. *See* 28 U.S.C. § 1402(a)(1); *Saraco v. United States*, 61 F.3d 863 (3d Cir. 1995). Moreover, since filing the motion to dismiss, the United States has been able to retrieve some of plaintiffs' tax records. These records show that plaintiff Laurence Otto owes in excess of $144,000 in unpaid federal taxes for 2001, 2002, and 2003.

which seeks to enjoin the collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiffs allege that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax beginning with 'tax year' 2000" (Compl. ¶ 1), but do not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief. Primarily, they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.2/

---

2/ As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

As for the second prong of *Enochs*, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn*, 766 F.2d at 598. In certain situations, plaintiffs could temporarily forestall collection—the ultimate relief they request—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, they can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiffs can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiffs complaint fails the second prong of the *Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiffs have not alleged the extraordinary circumstances that may justify issuing an injunction under the judicial exception.

        3.    This Court Lacks Subject-Matter Jurisdiction
             over Plaintiffs' Damages Claim

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433 (Compl. ¶ 7), and seek unspecified damages (Compl. ¶ 19.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d

125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Instead, they simply state, in conclusory fashion, that they "has/have exhausted all administrative remedies ***."  (Compl. ¶ 6.)  Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiffs have not met their burden to allege exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim.3/

    D.  *Summary*

Because plaintiffs will be unable to establish their right to the relief they claim in their complaint, and therefore will not be able to obtain a default judgment against the United States, the entry of default would be a futile act.  Thus, it would be pointless for the Court to indulge plaintiffs' request for entry of default, even if the United States had been properly served.

---

3/Plaintiffs also may be seeking declaratory relief in conjunction with their allegations of wrongful collection. (*See* Compl. ¶ 18.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

CONCLUSION

It is the position of the United States that the Court should deny plaintiffs' request for entry of default.

DATE: April 4, 2006.

                                  Respectfully submitted,

                                   /s/ Michael J. Salem
                                  MICHAEL J. SALEM
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  Post Office Box 227
                                  Washington, DC  20044
                                  Telephone:  (202) 307-6438

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT was caused to be served upon plaintiffs *pro se* on the 4th day of April, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LAURENCE OTTO
>CAROL OTTO
>Plaintiffs *pro se*
>60426 County Road 12
>Warroad, MN  56763.


>/s/ Michael J. Salem
>MICHAEL J. SALEM

1616901.11