```
                      UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| **LAURENCE OTTO, et al.,** :  :   Plaintiffs,            :  :        v.                : :                            : **UNITED STATES,**          :  :   Defendant.            : | Civil Action No. 05-2319 (GK) |

### MEMORANDUM ORDER

Plaintiffs, Carol and Laurence Otto, bring this suit pro se against the United States, seeking a refund of all federal taxes paid since the 2000 tax year, along with damages for tax collection alleged to be in violation of various provisions of Title 26 of the United States Code, and injunctive and declaratory relief prohibiting further efforts by the Internal Revenue Service to collect their unpaid federal taxes. This matter is before the Court on Defendant's Motion to Dismiss, [#10]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion is **granted** and this case is **dismissed without prejudice**.

A motion to dismiss should be granted only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King &

<u>Spalding</u>, 467 U.S. 69, 73 (1984). A motion to dismiss tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. <u>See</u> Fed. R. Civ. P. 12(b)(6). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. <u>Shear v. Nat'l Rifle Ass'n of Am.</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979).

The Government argues that Plaintiffs' Complaint must be dismissed because service of process was deficient and that, therefore, the Court does not have jurisdiction to hear the case. More specifically, the Government argues that service was improper because Mr. Otto himself effected service on the Government, in violation of Federal Rule of Civil Procedure 4(c)(2). The Court agrees.

Failure to properly serve the defendant deprives a federal district court of personal jurisdiction. <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). Therefore, a court may dismiss an action where service was improper. Fed. R. Civ. P. 12(b)(2),(5); <u>see</u> <u>Light v. Wolf</u>, 816 F.2d 746, 750 (D.C. Cir. 1987). Federal Rule of Civil Procedure 4(c)(2) provides that, "service may be effected by any person <u>who is not a party</u> and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added).

In this case, Mr. Otto filed returns of service indicating that he himself served the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. As Mr. Otto is himself a party to this action, under the plain language of Rule 4(c)(2), he may not properly serve the Government. <u>Willis v. Tarasen</u>, No. Civ. 04-4110JMRFLN, 2005 WL 1705839, at *2-3 (D. Minn. July 11, 2005) (dismissing case for improper service of process where plaintiff personally served the defendant); <u>see also</u> <u>Davis v. Garcia</u>, 226 F.R.D. 386, 388 (C.D. Cal. 2004) (adopting report and recommendation of magistrate judge to dismiss case where plaintiff himself signed the proof of service affidavit).

Plaintiffs argue in opposition that under Federal Rule of Civil Procedure 4(i), which governs service of process for actions brought against the United States, Mr. Otto was permitted to effect service himself. That rule states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and (C) in any action attacking the validity of an order of an officer or

>agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i).

However, while Rule 4(i) may govern <u>how</u> service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing <u>who</u> may effect service. <u>See, e.g.</u>, <u>Bernard v. I.R.S.</u>, No. 91-30253-RV, 1991 WL 327960, at *3 (N.D. Fl. Dec. 13, 1991) (dismissing plaintiff's complaint in part because the plaintiff himself effected service); <u>Herman v. Comm'r of Internal Revenue</u>, No. CV 89-6317-JMI, 1990 WL 10023593, at *1 (C.D. Cal. Mar. 8, 1990) (holding that the court lacked personal jurisdiction over the United States and all other defendants because plaintiffs themselves served the summons and complaint in violation of Rule 4(c)(2)(a)) <u>Perkel v. United States</u>, No. C 00-4288 SI, 2001 WL 58964, at *1 (N.D. Cal. Jan. 9, 2001) ("The Court finds that while Rule 4(i)(1) describes <u>how</u> service can be effectuated against the United States, it does not change <u>who</u> can effectuate service as defined by Rule 4(c)(2).").

Accordingly, it is hereby

**ORDERED** that Defendant's Motion, [#10], is **granted**; it is further

**ORDERED** that Plaintiffs' Complaint is **dismissed without prejudice.**[1]

June 28, 2006

/s/
Gladys Kessler
U.S. District Judge

**Copies to**: **attorneys of record via ECF and**

LAURENCE and CAROL OTTO
60426 County Road 12
Warroad, MN 56763

---

[1] Plaintiffs' Complaint was filed on December 1, 2005. Therefore, the 120 day period in which to serve the United States has expired, and dismissal of the case is appropriate.